**UNITED STATES of America,**

v.

**Carl M. KELLY, Appellant.**

**No. 22661.**

United States Court of Appeals
District of Columbia Circuit.

May 23, 1969.

Bazelon, Chief Judge, dissented.

---

Mr. George J. Thomas, Washington, D. C., was on the pleadings for appellant.

Mr. James A. Treanor, III, Asst. U. S. Atty., was on the pleadings for appellee.

Before BAZELON, Chief Judge, and BURGER and TAMM, Circuit Judges, in Chambers.

## JUDGMENT

PER CURIAM.

This appeal from the order of the District Court denying appellant's motion for release on pretrial release came on for further consideration on the original record supplemented by the proceedings had on remand and on appellant's statement of additional information. Upon consideration of the foregoing, it is

Ordered and adjudged by this Court that the order of the District Court appealed from herein be affirmed. This order is without prejudice to the filing of a new application for release in the District Court in light of new additional information.

BAZELON, Chief Judge (dissenting):

This is a pretrial bail appeal brought by an appellant incarcerated because he is unable to afford the $5000 bond set by the District Court. Appellant has resided in the District for his entire life, and is considered a good worker by his employer of one year, Pride, Inc.

He has no prior criminal record at all. The District Judge denied bond because appellant, who was originally thought to be a witness to the crime for which he now stands charged, failed to appear in court as required.

I agree that this failure to respect the judicial process as a witness is a sufficient indication of danger of nonappearance to support a denial of personal recognizance. But it does not appear that the Judge either sought or considered nonfinancial conditions of release which would deter flight equally well as $5000.00. As this court reiterated in United States v. Leathers, 134 U.S. App.D.C. 38, 412 F.2d 169 (1969), money bond should not be required unless alternative, nonfinancial conditions of release have been sought, considered and found inadequate to provide reasonable assurance against flight. Such conditions might include, by way of example only, daytime work release and close supervision during such hours by appellant's father or his employer, Pride, Inc., whose officials were instrumental in obtaining appellant's voluntary surrender when sought as a witness. Another possible condition of release is third party custody by Bonabond, Inc., a non-governmental agency which provides close supervision of persons released into their custody. Bonabond will assume such duties only if convinced that the person is a good risk. After the District Court acted on the instant pre-trial bail matter, Bonabond concluded that appellant was a good risk.

I would remand this case in light of the decision in *Leathers* and the new information that Bonabond considers appellant a suitable candidate for release under their supervision.